JAP:MFS

**M-08-542**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | COMPLAINT AND AFFIDAVIT IN SUPPORT OF APPLICATION |
| - against - | FOR ARREST WARRANT |
| TERRANCE C. HOUSTON, | (T. 18, U.S.C. §§ 922(g)(1)) |
| Defendants. | |

- - - - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

      MIGUEL MENDEZ, being duly sworn, deposes and says that he is a Detective with the New York City Police Department("NYPD"), duly appointed according to law and acting as such.

      Upon information and belief, on or about June 9, 2008, within the Eastern District of New York, the defendant TERRANCE C. HOUSTON, having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: an Interarms .38 caliber revolver.

      (Title 18, United States Code, Section 922(g)(1)).

      The source of your deponent's information and the grounds for his belief are as follows[1]:

---

[1] Because this affidavit is being submitted for the limited purpose of establishing probably cause to arrest TERRANCE C. HOUSTON as described in greater detail below, I have not set

1. I have been a Detective in the NYPD for approximately seven years, and have been assigned to the NYPD's Gun Enhancement Unit for approximately two years. My information in this case comes from reviews of records of the New York City Police Department ("NYPD"), conversations with NYPD officers, and other official records of government agencies.

2. On or about June 9, 2008, at approximately 4:45 a.m., New York City Police Department ("NYPD") Officer Fernando Hernandez and other members of the 83rd Precinct Anti-Crime Unit responded to a 911 call concerning an individual with a firearm in the vicinity of Bushwick Avenue and Linden Street in Brooklyn, New York.[2]

3. Upon arriving at the scene in an unmarked police vehicle, Officer Hernandez observed an individual walking alone. This individual matched the description of the individual with a firearm. Officer Hernandez then exited the vehicle, identified himself as a police officer, and approached the defendant. When questioned, the defendant stated that he was coming from work. Officer Hernandez then asked the defendant if he had any items in his possession that might be a danger to Officer Hernandez and

---

forth every fact learned during the course of this investigation.
[2] The 911 call originated from a call to "Operation Gun Stop." Operation Gun Stop is a NYPD hotline that provides rewards for information leading to firearms arrests.

the other officers present.  The defendant did not respond and instead placed both his hands in the air.

   4. At this time, Officer Hernandez observed a slight bulge under the defendant's jacket.  Officer Hernandez then touched the bulge and felt a hard object.  He then recovered a stainless steel brown handled Interarms .38 caliber revolver loaded with five live rounds from the defendant's waistband.

   5. When asked why he was carrying the pistol, the defendant stated to Officer Hernandez, in sum and substance, that he was a security guard working in a pool hall and that it was a tough job.

   6. Officer Hernandez then arrested the defendant and brought him and the pistol back to the 83rd Precinct.

   7. The defendant is currently being held in state custody.  I have reviewed criminal history records for the defendant, which reveal that the defendant has been convicted of at least the following crimes: on October 12, 2001, the defendant was convicted in Bronx County Supreme Court of Criminal Possession Loaded Firearm in the Third Degree, a Class D felony, and sentenced to one year in prison; on March 20, 2002, the defendant was convicted in Bronx County Supreme Court of Attempted Criminal Sale Controlled Substance in the Third Degree

(Narcotic Drug), a Class C felony, and sentenced to one to three years in prison.

8.  I haven spoken with an ATF interstate nexus expert, who informs me that the above-mentioned Interarms .38 caliber revolver was manufactured outside the State of New York.

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for the defendant TERRANCE C. HOUSTON, so that he may be dealt with according to law.

_____
Miguel Mendez
Detective
Firearms Enhancement Unit
New York City Police Department

Sworn to before me this
12th day of June, 2008

__    _____
UN    TE JUDGE
EA    W YORK

4