FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP -8 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
UNITED STATES OF AMERICA,

                  Petitioner,

- against -

TERENCE C. HOUSTON,

                  Defendant.
-------------------------------------------------------- X

**MEMORANDUM**
**DECISION AND ORDER**

08-CR-0457 (BMC)

**COGAN**, District Judge.

This case is before the Court on the defendant Terence C. Houston's objections to Magistrate Judge Cheryl L. Pollak's July 5, 2009 Report and Recommendation, which recommended denying his motion to suppress post-arrest statements and evidence discovered on his person pursuant to a police stop on June 9, 2008. For the reasons set forth below, the R&R is adopted and the motion is denied.

## BACKGROUND

The facts of this matter are set forth in Judge Pollak's detailed R&R and revisited only briefly here. On July 8, 2008, the grand jury returned an indictment charging Houston as a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Subsequently, Houston moved to suppress his statements and the evidence found pursuant to his arrest. Judge Pollak held an evidentiary hearing on February 24, 2009. The government's evidence included

testimony from two New York City Police Department ("NYPD") officers, Detective Hispolito Sanchez ("Sanchez") and Officer Fernando Hernandez ("Hernandez").

## DISCUSSION

### A. Standard of Review

A district court judge may refer certain matters, including suppression of evidence or statements, to a magistrate judge for a report and recommendation. See 28 U.S.C. § 636(b)(1). If objections are timely filed, the district court must consider them *de novo*. Id.; see United States v. Padilla, 06-CR-824, 2007 WL 1958894, at *1 (E.D.N.Y. June 29, 2007). This *de novo* review neither requires the district court to "rehear the contested testimony" nor "conduct a new hearing on contested issues." United States v. Raddatz, 447 U.S. 667, 674-75 (1980). The statute "permit[s] whatever reliance a district judge, in the exercise of sound judicial discretion, chose[s] to place on the magistrate's proposed findings and recommendations." Id. at 676. "Normally, the judge, on application, will consider the record which has been developed before the magistrate and make his own determination on the basis of that record, without being bound to adopt the findings and conclusions of the magistrate." Id. at 675; see also United States v. Taylor, 92 F.3d 1313, 1326-27 (2d Cir. 1996) (discussing Raddatz). In making its final determination, the district court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)). The court is not required to review uncontested portions of the R&R. See United States v. Mackay, 07-CR-488, 2008 WL 4146359, at *1 (E.D.N.Y. Sept. 8, 2008) (citing Thomas v. Arn, 474 U.S. 140, 150 (1985)).

## B. Defendant's Objections

Houston objects to Judge Pollak's determination that the police had reasonable suspicion to justify stopping him, as required by Terry v. Ohio, 392 U.S. 1 (1968). In determining whether there was reasonable suspicion for the stop, only the officer's knowledge prior to the stop may be considered. See id. at 20. Therefore, as Houston agrees, Judge Pollak properly excluded from the calculus of reasonable suspicion everything discovered after Hernandez first identified himself as a police officer and ordered Houston to stop. Judge Pollak nevertheless determined, and I agree, that reasonable suspicion was present based on "[t]he combination of circumstances, including the tipster's prediction of the defendant's movements, the defendant's presence in a high crime area in the early hours of the morning, the calls first to Officer Cruz and then to Operation Gun Stop, with its requirements for verifying tipster information, and most importantly, the tipster's inculpatory statements providing a basis for his knowledge of the illegal activity."

Defendant objects on several grounds, arguing that (1) there was no proof that the area was a "high crime neighborhood;" (2) walking alone should not support an inference of involvement in "illicit activity"; and (3) the police failed to adequately corroborate the anonymous tipster's information. Each of these objections will be addressed in turn.

First, defendant argues that because neither government witness nor any extrinsic evidence specifically stated that the area was a "high crime" neighborhood, Judge Pollak erred in her finding. Although the words "high crime" were never used, Sanchez testified that there had been previous criminal activity at 36 Linden Street, the location specified by the anonymous informant. That is clearly what Judge Pollak meant by using the shorthand term "high crime

area" – that there was evidence known to the police officer of prior criminal activity in that area – and the testimony of the officer is sufficient to support that finding.

Second, defendant argues that "[a] man walking alone, engaged in no apparent illegal activity, wearing a suit on a Monday morning is not a particularly noteworthy occurrence." However, the police were not merely driving by a random location at 5 a.m. when they saw a random person walking down the street. Rather, they had been directed to that location by two phone calls to the personal cell phone of one of the patrolling officers and a corresponding 911 call. An hour before Houston's arrest, the anonymous informant called Sgt. Cruz, another NYPD officer in the patrol car with Hernandez, and told him that "there was going to be an individual that would have a firearm in his possession." The tipster then followed Sgt. Cruz's instructions and called Operation Gun Stop, an NYPD hotline that permits informants to anonymously report illegal firearms but only reports out such tips if they are based on the personal observation of the gun within the last week. "[T]hat's basically the qualifying fact, that the person does have to see [the gun being reported] . . . within a reasonable amount of time being approximately seven days." Finally, the tipster called Sgt. Cruz a second time and accurately described what Houston looked like, what he would be doing, and where he would be. Based on all of these factors, in addition to the nature of the area, when the police came upon Houston, the early morning hour, his dress, and that he was walking alone, all factored into their reasonable suspicion of his illicit activity. After reviewing the record, this Court agrees with Judge Pollak's finding.

Third, and finally, Houston argues that the police failed to corroborate the information reported by the anonymous informant and it should therefore be excluded from determining reasonable suspicion. The reliability of the tip at issue, however, was buttressed by numerous

factors. See Illinois v. Gates, 462 U.S. 213, 234 (holding that reliability of informant's tip should be evaluated under the totality of the circumstances and noting that "even if we entertain some doubt as to an informant's motives, his explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed first-hand, entitles his tip to greater weight than might otherwise be the case.") The tipster accurately predicted what Houston would be doing and where he would be doing it. Moreover, the tipster repeatedly called the police, including following Sgt. Cruz's direction to call the hotline and then call him back when Houston appeared. The tipster had personal knowledge about the handgun, as required for a qualifying Operation Gun Stop tip and indicated that he had inside information by providing a name and nickname. And, perhaps most compellingly, the tipster implicated himself in criminal activity. See United States v. Harris, 403 U.S. 573, 583 (1971) (observing that because "[p]eople do not lightly admit a crime," such statements "carry their own indicia of credibility').

In sum, I agree with Judge Pollak's conclusion that taken as a whole, these factors are sufficient corroboration of the anonymous informant's tip.

## CONCLUSION

Judge Pollak's R&R is adopted in its entirety. The motion is denied.

**SO ORDERED.**

s/BMC

U.S.D.J.

Dated: Brooklyn, New York
September 8, 2009